UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 25-9146-JFW(SSCx)**                                    Date:  November 7, 2025

Title:   Aniko Conway -v- Medsurant, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                      None                                                                            None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS IMPROPER DEFENDANT AND REMAND TO STATE COURT [filed 10/15/2025; Docket No. 17];**

**ORDER TO SHOW CAUSE RE: SANCTIONS**

On October 17, 2025, Plaintiff Aniko Conway ("Plaintiff") filed a Motion to Dismiss Improper Defendant and Remand to State Court ("Motion").  On October 27, 2025, Defendants Medsurant, LLC d/b/a Medsurant Health ("Medsurant"), Medsurant Operating, LLC ("Medsurant Operating"), and Vanessa Rodriguez (collectively, "Defendants") filed their Opposition.  On November 3, 2025, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 17, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On July 17, 2025, Plaintiff filed her Complaint in Los Angeles County Superior Court, alleging various state law employment causes of action.  At the time she filed her Complaint, Plaintiff named several Medsurant defendants, including Medsurant Operating, believing that they may all have been her employers.  *See* Complaint (intro) ("Plaintiff . . . hereby brings this complaint against her former employers . . . .).  The Summons and Complaint were served on Medsurant on July 25, 2025, on Defendant Vanessa Rodriquez on July 28, 2025, and on Medsurant Operating on August 25, 2025.  On September 24, 2025, Medsurant Operating timely filed its Notice of Removal.  All other served defendants -- Medsurant, LLC and Vanessa Rodriguez -- filed a Notice of Joinder of Removal on that same date.

Plaintiff does not dispute that this Court has subject matter jurisdiction over this action. However, Plaintiff moves to dismiss Medsurant Operating as an improper defendant under Federal Rule of Civil Procedure 21 because she learned from the Declaration of Tisha Lucero in support of the removal of this action that Medsurant was her employer, not Medsurant Operating. *See* Declaration of Tisha Lucro, ¶ 9 ("Based on my role as Vice President of Human Resources and Talent Management, I am aware that Plaintiff Aniko Conway was employed part-time as an Intraoperative Neuromonitorist by Medsurant, LLC").  She thus contends that the Court should remand this action to state court under 28 U.S.C. § 1447(c) for untimely removal, because the remaining defendants, including Medsurant, have missed their deadlines under 28 U.S.C. § 1446(b)( to file for removal within 30 days of being served with the Summons and Complaint.

## II.     LEGAL STANDARD

A complaint must be removed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

## III.    DISCUSSION

For the reasons stated in Defendants' Opposition, the Court denies Plaintiff's Motion.

As the Supreme Court held in *St Paul Mercury Indemnity Co. v. Red Cab Co.*, "the status of the case as disclosed by the complaint is controlling in the case of removal, since the defendant must file his petition before the time for answer or forever lose his right to remove."  303 U.S. 283, 291-92 (1938).  The Supreme Court further explained , "the fact that it appears from the face of the complaint that the defendant has a valid defense . . . will not justify remand," and even if "the plaintiff afer removal, by stipulation, by affidavit, or by amendment . . . reduces the claim . . . , this does not deprive the district court of jurisdiction." *Id.* at 291-92.

In this case, at the time of removal, Defendant Medsurant Operating was a named and served defendant, who was alleged to be one of Plaintiff's employers and/or acting as an agent, employee, or representative of,  or in concert with, each of the remaining Defendants.  *See* Complaint at ¶¶ 10-11. As such, Defendant Medsurant Operating was not a "nominal party," and Plaintiff's later decision to dismiss Defendant Medsurant Operating does not affect the propriety of an earlier removal.  *See Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991) (holding that "[t]he power to remove is evaluating at the time of removal" and the later dismissal of one of the parties "does not affect the propriety of removal").

It is undisputed that Defendant Medsurant Operating removed this action less than thirty days after it was served with the Summons and Complaint.  Accordingly, the Court concludes that the removal of this action was timely.  The Court declines to dismiss Defendant Medsurant Operating under Federal Rule of Civil Procedure 21.  If Plaintiff wishes to drop Defendant Medsurant Operating as a defendant, she shall do so under Federal Rule of Civil Procedure 41.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

In addition, the Standing Order, filed on October 8, 2025 (Docket No. 10), provides in relevant part: "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Plaintiff and Defendants failed to file the required Proposed Statement of Decision. Lead counsel for Plaintiff and Defendants are each ordered to show cause in writing by **November 12, 2025**, why they should not each be sanctioned in the amount of $2,500.00 for their violation of the Court's Standing Order. No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order to Show Cause will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the imposition of sanctions.

IT IS SO ORDERED.